UNITED STATES of America

v.

Miguel A. **RODRIGUEZ.**

No. 06–2339.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) Sept. 28, 2007.

Filed: Oct. 18, 2007.

George S. Leone, Mark E. Coyne, Office of United States Attorney, Newark, NJ, for United States of America.

Miguel A. Rodriguez, Coleman, FL, pro se.

Before: McKEE, BARRY, and FISHER, Circuit Judges.

## OPINION OF THE COURT

MCKEE, Circuit Judge.

Miguel Rodriguez appeals the sentence that was reimposed following remand for resentencing pursuant to the Supreme Court's intervening decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). For the reasons that follow, we will affirm the judgment of sentence.

## I.

Inasmuch as we write primarily for the parties who are familiar with this case, we need not recite the factual or procedural background. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) in which he states that the appeal "is frivolous because the District Court complied with *United States v. Cooper.*"[1] Counseled Br. at 4.

Counsel who "finds [a] case to be wholly frivolous, after a conscientious examination" of the case, must so advise the court and request permission to withdraw. *Anders*, 386 U.S. at 744, 87 S.Ct. 1396. Coun-

---

1.  437 F.3d 324 (3d Cir.2006).

sel's request must be accompanied by a "brief referring to anything in the record that might arguably support the appeal." *Id.* Accordingly, the brief must identify any "issue arguably supporting the appeal even though the appeal was wholly frivolous," *Smith v. Robbins,* 528 U.S. 259, 285, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000), "explain why the issues are frivolous," *United States v. Marvin,* 211 F.3d 778, 780 (3d Cir.2000), and show that counsel "thoroughly scoured the record in search of appealable issues." *Id.; see also United States v. Youla,* 241 F.3d 296, 300 (3d Cir.2001).

The only possible issue here is the reasonableness of the sentence as we affirmed the conviction and remanded for the limited purpose of resentencing pursuant to *Booker.* Our review for reasonableness centers on whether the district court properly considered the sentencing factors set forth in 18 U.S.C. § 3553(a). Rodriguez has the burden of establishing unreasonableness, and we afford due deference to the district court's judgment. *Cooper,* 437 F.3d at 332 (3d Cir.2006).

In his *Anders* brief, counsel notes that the district court correctly refused to reduce Rodriguez's sentence based upon the informant's purported lack of credibility because the jury heard and accepted the informant's testimony, and the court did not deem it appropriate to second guess the jury's assessment of that testimony. We agree.

The court also rejected Rodriguez's reliance on his efforts at rehabilitation. "[T]he Court found that since the defendant did not accept responsibility the Court was not willing to credit any rehabilitation." Counseled Br. at 3. Given Rodriguez's persistent unwillingness to accept responsibility (as evidenced by his contin-

ued focus on the testimony of the informant), the court's rejection of Rodriguez's reliance on his purported rehabilitation was certainly reasonable and consistent with the factors that must be considered under § 3553(a). Those factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established ...

(5) any pertinent policy statement— ...

(7) the need to provide restitution to any victims of the offense.

Appellate counsel notes that "the District Court specifically considered defendant's argument of [the informant's credibility and rejected it]." Counseled Br. at 5. In rejecting this argument as a reason to reduce Rodriguez's sentence, the district court noted that the jury obviously credited that testimony.[2]

Although the district court did not specifically mention Rodriguez's claim that the sentence should have been reduced because he faces deportation, Appellate counsel correctly concedes that "[t]he Court does not have to discuss every argument made by defendant, or make findings of fact as to each factor." Counseled Br. at

---

**2.** Ironically, Rodriguez's persistence in attempting to discredit the informant only lends

support to the district court's rejection of Rodriguez's claim of rehabilitation.

5. It can be argued that the fact that Rodriguez faces deportation upon completion of his sentence reduces the need to protect the public, and the court should therefore have reduced his sentence. However, given the deference afforded discretionary sentences under § 3553(a), we can not conclude that the court's failure to reduce the sentence because Rodriguez also faces deportation was unreasonable.

## II.

Rodriguez has filed a *pro se* brief in which he argues that the sentence that was imposed on remand was unreasonable.[3] However, as we have explained, we agree with his counsel's conclusion that the arguments Rodriguez puts forth are wholly frivolous.

## III.

Accordingly, we will affirm the judgment of sentence dated April 7, 2006, and grant counsel's motion to withdraw.

---

3. The court reimposed the original 210 month    sentence.